## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| **JAMES ALLEN and** | * | |
| **JOHN LITTLEFIELD,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **CIVIL ACTION NO.** |
| | * | |
| **TWIN PALMS PUBLISHERS, INC.** | * | |
| **and JACK WOODY d/b/a Twin Palms** | * | |
| **Publishers,** | * | |
| | * | |
| **Defendant.** | * | |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs James Allen and John Littlefield and hereby file this Complaint for Damages against Defendants, showing the Court as follows:

## INTRODUCTION

1.

This is a diversity action for breach of contract brought by authors against a publisher for unpaid royalties.  This is not an action for specific performance to enforce the contract through an accounting or other equitable remedies – it is strictly a claim for liquidated damages already incurred in the amount of $150,000.00, or such other amount which may be proven at trial, plus attorney's fees under O.C.G.A. §13-6-11 because Plaintiffs have been put to unnecessary

time and expense to collect the debt.

## JURISDICTION AND VENUE

2.

This action for damages is brought pursuant to Georgia law. Jurisdiction is founded upon diversity of citizenship under 28 U.S.C. §1332 because Plaintiffs are domiciled in Georgia and Defendants are domiciled in New Mexico, and the amount in controversy is more than $75,000.

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 both Plaintiffs reside within the boundaries of the Brunswick Division of the Southern District of Georgia.

4.

Defendants – who are sued both corporately and individually based on discrepancies in documentation – are subject to the jurisdiction of this Court because (a) they have transacted business with Plaintiffs, book distributors, wholesale and retail customers, media outlets, and other authors in Georgia; (b) the subject matter of the litigation is a contract signed by Plaintiffs in Georgia for the publication of a photograph collection that was housed in Georgia; and (c) Defendants have otherwise maintained sufficient contacts with the state of Georgia

to satisfy due process requirements to confer jurisdiction upon a federal Court here.

**PARTIES**

5.

Plaintiffs James Allen and John Littlefield reside in McIntosh County, Georgia.

6.

Defendants Twin Palms Publishers, Inc. is, upon information and belief, a New Mexico corporation having its principal place of business in Santa Fe, New Mexico, and its chief executive officer, Jack Woody, is an individual who has also, upon information and belief, done business as a sole proprietor under the trade name of Twin Palms Publishers.    Specifically, he is identified in the contract between the parties as Twin Palms Publishers while 1099 tax forms identify the business name as Twin Palms Publishers, Inc., yet Plaintiff's counsel has found no such corporate entity listed with the New Mexico Secretary of State.  In any event, both named Defendants may be served with process at their principal place of business located at 54½ East San Francisco Street, Santa Fe, New Mexico 87501.

**FACTS**

6.

In or about May 1999, Plaintiffs James Allen and John Singleton entered

into a written "Publisher's Contract" with Defendants (hereafter referred to as "Twin Palms") to publish a book titled *Without Sanctuary*: *Lynching Photography in America* authored by Allen and Littlefield, with a Forward contributed by Congressman John Lewis because of the importance of the book's subject matter, which was a provocative collection of photographs depicting extra-judicial executions and murders during the decades between Emancipation and the Civil Rights Movement.  The photograph collection, which exhibited in museums and colleges around the country and received much media attention and critical acclaim, was gathered by Allen and Littlefield over the course of their careers as art and antique collectors and dealers.

7.

The Publishers Contract was a boilerplate form generated by Twin Palms containing standard terms that were not subject to negotiation, so any ambiguity in those terms must be construed against the drafter and in favor of Plaintiffs.

8.

Under Twin Palms' contract, Allen and Littlefield were to be paid royalties from all sales of the book every six months in accordance with a formula set forth in the contract, and over the next twenty years, said royalties were paid as scheduled.

9.

However, Plaintiffs have received no royalty payments for the past two years, and Twin Palms has repeatedly refused Plaintiff's requests for information about sales figures, royalties owed, and the status of past overdue payments, publication and sales of the book have continued during that time frame.  The book is presently offered for $75.00 on Twin Palms' website, which misrepresents that it was authored by Congressman Lewis – which has undoubtedly boosted sales – although he only wrote the Forward, not the book itself.

10.

Since the contract was entered into, Twin Palms has sold approximately 75,000 copies of the book over the course of more than a dozen printings, but Plaintiffs calculate that Twin Palms still owes them $150,000 in unpaid royalties, even after deducting for damaged or returned books and complimentary copies sent to the authors, media outlets, and others for promotional or educational purposes.

## COUNT ONE
## BREACH OF CONTRACT

11.

The failure of Twin Palms to make required royalty payments for the past two years constitutes a breach of contract for which Plaintiffs are entitled to recover damages for all amounts due under the contract in an amount to be proven

at trial.

### 11.

Upon information and belief, Plaintiffs are entitled to recover liquidated damages for breach of contract from both named Defendants in the amount of One Hundred Fifty Thousand Dollars and No Cents ($150,000.00) and are entitled to judgment for that amount.

## COUNT TWO
## ATTORNEY'S FEES AND EXPENSES OF LITIGATION

### 12.

Because of Twin Palms' failure to pay royalties owed or even respond to repeated inquiries to Jack Woody about the status of payments due, Plaintiffs have been forced to hire counsel to bring this lawsuit.

### 13.

Plaintiffs are entitled to recover reasonable expenses and attorney's fees from Twin Palms under O.C.G.A. §13-6-11, which provides for an award of fees and expenses of litigation where a defendant has acted in bad faith, has been stubbornly litigious, or has put a plaintiff to unnecessary time and expenses.

### 14.

Accordingly, Plaintiff's counsel is entitled to compensation from Defendants for the reasonable value of his services in advising Plaintiffs on this matter and

preparing this lawsuit on their behalf.  Because the undersigned counsel has had an ongoing professional relationship with Plaintiffs for more than 20 years, he is uniquely qualified to represent them and is entitled to his customary fee of $500 per hour, even though that rate is higher than that charged by most attorneys in the local market for similar work.  Most of counsel's work is in the Atlanta area, where his hourly rate is competitive and has not changed in the past 15 years.  An hourly rate of $500 is reasonable for an attorney who has been in practice for 36 years – particularly one of counsel's caliber who practices primarily in federal court, which is not the usual form for a collection matter, and who has argued dozens of appeals in the Eleventh Circuit as well as two cases in the U.S. Supreme Court.

15.

The reasonable value of the services performed to date by Plaintiff's counsel in connection with this matter, up to and including the filing of this lawsuit, is Five Thousand Dollars ($5,000.00), which is the liquidated amount that should be added to any default judgment for attorney's fees and expenses if Defendants fail to file a timely Answer or other responsive pleadings.  On the other hand, if an Answer or other responsive pleadings are filed and the case proceeds to discovery and trial, the amount of Plaintiffs' claim under §13-6-11 will continue to increase at the rate of $500 per hour, plus expenses.

WHEREFORE Plaintiffs demand as follows:

a)      That this action be tried by a jury;

b)      That judgment be entered in favor of Plaintiffs and against Defendants in the amount of $150,000.00 as set forth above, or, alternatively for whatever amount is established by specific proof at the time of trial;

c)      That Plaintiffs be awarded reasonable attorney's fees and expenses of litigation in the amount of $5,000.00 as set forth above, or, alternatively, for whatever amount is established by specific proof at trial;

d)      That all costs of this action be taxed against Defendants; and

e)      That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 23rd day of December, 2022.

/s/ Craig T. Jones
CRAIG T. JONES
Ga. Bar No. 399476
Attorney for Plaintiffs

CRAIG T. JONES, P.C.
Post Office Box 129
Washington, Georgia 30673
(678) 643-0062
craigthomasjones@outlook.com

8